1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HURDELBRINK LAW OFFICE, INC.,<br>MARK E. HURDELBRINK and<br>CHRISTOPHER WILCOX,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, THE HANOVER INSURANCE COMPANY, by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP, files this Lawsuit for Declaratory Judgment against the above-captioned Defendants, and would respectfully show the Court the following:

## I. NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Hanover Insurance Company ("Hanover") seeks a determination of the parties' rights and obligations under a Lawyers Advantage Professional Liability Policy issued to the Hurdelbrink Law Offices, Inc. with respect to claims asserted against it and/or its principal, Mark Hurdelbrink, arising from his legal representation of Christopher Wilcox in a now-resolved divorce proceeding.

COMPLAINT FOR DECLARATORY JUDGMENT - 1
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

## II. PARTIES

2. Plaintiff, Hanover, is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

3. Defendant Hurdelbrink Law Offices, Inc. is a Washington corporation with its principle place of business in Tacoma, Washington located in Pierce County, Washington.

4. Defendant Mark E. Hurdelbrink is the principal of Defendant Hurdelbrink Law Offices, Inc.

5. On information and Defendant Christopher Wilcox is an individual residing in Pierce County, Washington, and a defendant for whom no relief is sought.

## III. JURISDICTION AND VENUE

6. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. An actual justiciable controversy exists between Hanover and the defendants within the meaning of 28 U.S.C. § 2201 regarding insurance coverage provided under a Lawyers Advantage Professional Liability Policy that Hanover issued to Hurdelbrink Law Offices, Inc.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. In particular, there is complete diversity of citizenship between Hanover and the defendants.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because Hurdelbrink Law Offices, Inc. is located in the Western District of Washington, where the Hanover insurance policy was issued and the acts complained of are alleged to have occurred.

## IV. THE UNDERLYING CLAIM

10. Mark Hurdelbrink of Hurdelbrink Law Offices, Inc. represented Christopher Wilcox in divorce proceedings against his former wife, Lisa Wilcox.

11. On October 19, 2016, Lisa Wilcox's counsel, Paul Firuz, propounded 87 requests

COMPLAINT FOR DECLARATORY JUDGMENT - 2
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

for admission ("RFA") on Christopher Wilcox, served through his counsel, Mr. Hurdelbrink. (RFA, **Exhibit A**).

12. On November 3, 2016, Mr. Hurdelbrink sent Mr. Wilcox the RFA via email with a subject line of "Interrogatories Set 2" but provided no explanation or instructions, leaving Mr. Wilcox to assume that Mr. Hurdelbrink would handle the RFA. (January 26, 2017 Affidavit of Christopher Wilcox ("Wilcox Affidavit"), **Exhibit B**).

13. On November 16, 2016, Mr. Wilcox advised Mr. Hurdelbrink that he would be on vacation until December 30, 2016 (reportedly "December" being an error, which should have been "November"). (Wilcox Affidavit, **Exhibit B**).

14. The responses to the RFA were due on November 21, 2016.

15. On November 22, 2016, Mr. Firuz emailed Mr. Hurdelbrink advising that the RFA responses were overdue. (January 26, 2016 Affidavit of Paul Firuz ("Firuz Affidavit"), Exhibit **C**).

16. On November 23, 2016, Mr. Hurdelbrink advised Mr. Firuz that he would contact him after Mr. Wilcox returned to town. (Firuz Affidavit, **Exhibit C**).

17. On November 30, 2016, during a Rule 26 telephone discovery conference, Mr. Hurdelbrink advised Mr. Firuz that he believed he could get Mr. Wilcox's discovery responses by December 7, 2016. (Firuz Affidavit, **Exhibit C**).

18. On December 5, 2016, Mr. Firuz filed an affidavit in support of joint motion to continue trial, because Mr. Wilcox had not completed discovery, including responding to the RFA.

19. On December 6, 2016, Mr. Wilcox filed a motion for partial summary judgment on the how certain property was to be characterized in connection with the divorce proceedings. (Motion for Order Modifying Partial Motion for Summary Judgment, pg. 3, **Exhibit D**).

20. Mr. Hurdelbrink's assistant contacted Mr. Wilcox during his vacation to obtain information for responses to the RFA, which was formalized as a first response and served on Mr. Firuz on December 6, 2016 (Wilcox Affidavit, **Exhibit B**).

COMPLAINT FOR DECLARATORY JUDGMENT - 3
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

21. On December 16, 2016, still having not received discovery and RFA responses, Mr. Firuz moved to compel the same and for partial summary judgment that Wilcox Farms, Oakbrook Brothers and Cousins Holdings were marital community property on the basis that the material encompassed by the RFA was deemed admitted. (Firuz Affidavit, **Exhibit C**).

22. On December 29, 2016, Mr. Hurdelbrink filed a motion for leave to file late responses to the RFA.

23. On December 30, 2016, Mr. Hurdelbrink filed a response to the motion for partial summary judgment in which he claimed that he inadvertently failed to calendar the due date of the responses to the RFA, agreed that the Wilcox Farms and Cousins Holding were marital community property and disputed that Oakbrook Brothers was marital community property.

24. On December 30, 2016, Mr. Hurdelbrink amended the initial RFA responses with more complete responses. (Motion for Order Modifying Partial Motion for Summary Judgment, pg. 3, **Exhibit D**).

25. On January 3, 2017, the court presiding over the divorce proceedings issued an order compelling Mr. Wilcox to complete discovery responses and produce documents by January 20, 2017, with fees and costs to be determined.

26. On January 6, 2017, the divorce court issued an order denying late responses to the RFA, with fees and costs to be determined.

27. On January 6, 2017, the divorce court granted Mrs. Wilcox's motion for partial summary judgment and ordered that Wilcox Farms, Oakbrook Brothers LLC and Cousins Holdings, LLC were marital community property.

28. The transcript of the court's January 6, 2017 hearing provides:

> Hurdelbrink: I realize my fault on at least some of this stuff. I get it. But it wouldn't make a whole lot of sense not to decide the Request for Admissions and then do the summary judgment, and we'd be you, it would be messy. But again, I accept responsibility for it. (TR. 8).
>
> Court: There was no attempt to be timely. It looks to the court as if counsel for Ms. Wilcox bent over backwards to try to have Mr. Wilcox respond, and still he didn't. And it's not the first time that that's happened, and there was no contact by Mr. Wilcox to the court until after Ms. Wilcox had to go through the time and expense of having her attorney prepare for summary judgment hearing, because

COMPLAINT FOR DECLARATORY JUDGMENT - 4
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

they had no response to their repeated requests that your client provide the overdue answers – or the overdue discovery. (P. 17)….People don't get to just disappear. This is a significant asset case. He should expect that he needs to respond to discovery, and he's not being treated any differently, other than I think he's gotten more changes than a lot of other people would get. So I have concerns about what I view as an unwillingness to play fair, basically, and to play by the rules.

Firuz: Our motion for summary judgment on that point no longer hinges on the RFA's and the answers to the RFA's, and I could argue that right now. (TR. 19)

Court: I am not going to continue the summary judgment motion if counsel wishes for Ms. Wilcox wishes to proceed on it. It was their motion, it was timely filed. I don't believe I received any requests for a continuance for that. (TR. 22)

Court: Because what I see was that was filed on that date was a document – entitled a two page document entitled, "Memorandum in response to motion for summary judgment." There was no evidence, no declarations, no exhibits that I see". (TR. 26, 27).

Court: Ms. Wilcox indicated that Requests for Production provided late, but they were provided twice, and the second set was inconsistent with the first set. (TR. 33).

Firuz: Christopher's motion to allow more time under RFA should be denied because of the Rule 26 issue. (TR. 34).

Court: There is a clear showing and which is part of an ongoing pattern here that Mr. Wilcox was not responding timely, even after receiving reminders and requests to do so. (TR. 37).

(Hearing Transcript, **Exhibit E**).

29. On January 17, 2017, Mr. Hurdelbrink filed a motion for reconsideration, which was supported by Mr. Wilcox's declaration that the Oakbrook Brothers LLC was not marital community property but was owned by him and his brother as supported by a transfer deed from their mother.

30. After filing for reconsideration, Mr. Hurdelbrink withdrew as counsel for Mr. Wilcox. (September 28, 2017 letter from Mr. Hurdelbrink to Hanover, **Exhibit F**).

31. On January 26, 2017, Mr. Firuz filed affidavits in support of his requests for fees and costs incurred in moving to compel Mr. Wilcox's discovery responses ($8,004), moving to continue the trial as a result of outstanding discovery ($2,639) and costs ($928).

32. On January 26, 2017, Mr. Firuz filed an affidavit in support of $4,712 in fees and

COMPLAINT FOR DECLARATORY JUDGMENT - 5
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

costs incurred in responding to Mr. Wilcox's motion for extension of time to answer the RFA and Mr. Hurdelbrink's failure to conduct a Rule 26 conference prior to seeking the extension.

33. On January 27, 2017, Mr. Wilcox's new counsel (Barbara Sylvester and Chris Maharry) filed a motion to modify the summary judgment ruling that Oakbrook Brothers LLC was marital community property supported by an executed copy of the Lisa Wilcox and Kathy Wilcox Non Participation Consent, a non-executed copy of which had been produced on January 20, 2017.

34. On January 27, 2017, Mr. Wilcox's new counsel (Barbara Sylvester and Chris Maharry) filed a supplemental memorandum in support of Mr. Wilcox's motion for allowing late responses to the RFA.

35. On February 1, 2017, Mr. Firuz filed an affidavit in support of the opposition to Mr. Wilcox's motions to modify the characterization of the Oakbrook Brothers LLC property and to reconsider the late RFA responses.

36. On February 2, 2017, Mr. Wilcox's new counsel (Barbara Sylvester and Chris Maharry) filed replies in support of the motions to modify the characterization of the Oakbrook Brothers LLC property and to reconsider the late RFA responses.

37. On August 30, 2017, James McCormick, Esq. sent a letter to Mr. Hurdelbrink advising that Mr. Wilcox retained him claiming:

"I have been retained by your former client, Christopher Wilcox, to pursue a professional malpractice claim against you. It is my understanding that your office failed to respond to at least one set of requests for admission in a timely manner. Those request were later deemed admitted and formed the evidentiary basis of an adverse motion for summary judgment which significantly affected the outcome of Mr. Wilcox's dissolution. Further, Mr. Wilcox incurred significant fees and costs attempting to remedy the significant error caused by your malpractice. Please contact your errors and omissions carrier as soon as possible and report this claim". (August 30, 2017 letter from Mr. McCormick to Mr. Hurdelbrink, **Exhibit G**).

38. In September 2017, Mr. Hurdelbrink first reported Mr. Wilcox's claim to Hanover

COMPLAINT FOR DECLARATORY JUDGMENT - 6
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

1  advising an alleged wrongful act of a failure to timely answer the RFA, which formed the basis
2  for the claim. (Report of Claim, **Exhibit H**).

3      39.    On November 18, 2017, Hanover denied Hurdelbrink coverage for the Wilcox
4  claim. (Denial letter, **Exhibit I**).

5      40.    On December 12, 2017, Michael P. Salazar, Esq. sent a letter to Hanover advising
6  that Mr. Hurdelbrink retained him to defend against Mr. Wilcox's claims, that the underlying
7  divorce was settled in 2017 and that Mr. Wilcox seeks $1M that he had to pay to Mrs. Wilcox
8  from a trust, which should not have been deemed marital property; value of other property that
9  should not have been deemed marital property; $15,000 in sanctions entered against Mr. Wilcox;
10 and costs and fees incurred in seeking to cure the failure to respond to the RFA.

11     41.    Thereafter, Hanover accepted Mr. Hurdelbrink's defense of the Wilcox claim
12 pursuant a reservation of its rights and defenses under the Lawyers Advantage Professional
13 Liability Policy. (Reservation of Rights Letter, **Exhibit J**).

## V. THE HANOVER APPLICATION AND POLICY

15     42.    In April 2017, Mr. Hurdelbrink completed and executed a Renewal Application
16 for professional liability coverage for the Hurdelbrink Law Offices. (Application, **Exhibit K**).

17     43.    The Application includes the following inquires and Mr. Hurdle brink's responses
18 to the same:

### VI. PRIOR KNOWLEDGE AND APPLICANT REPRESENTATION

The Applicant must answer the prior knowledge question below:

Is any **Insured** proposed for coverage aware of any fact, circumstance, or situation that might reasonably be expected to result in a **Claim** that would fall within the scope of the proposed coverage?

Yes                                                                                                            **No**

*If "Yes" please attach a full description of the details.*

This representation applies only to those coverage types for which no coverage is currently maintained and any higher limits of liability requested.

**IMPORTANT**: Without prejudice to any other rights and remedies of the **Insurer,** the Applicant understands and agrees that if any such fact, circumstance or situation exists, whether or not disclosed in response to the question above, any claim or action arising from such fact, circumstance or situation is excluded from coverage under the proposed policy, if issued by the **Insurer.**

COMPLAINT FOR DECLARATORY JUDGMENT - 7
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

44. Hanover issued a claims-made and reported Lawyers Advantage Professional Liability Policy to Hurdelbrink Law Offices, Inc. under number LH4-A295235-03 for the effective period of May 3, 2017 through May 3, 2018 (the "Policy"). (Policy, **Exhibit L**).

45. The Policy includes the following insuring agreement:

**I. INSURING AGREEMENTS**

    A.1.    <u>Professional Services Liability</u>

The **Insurer** will pay on behalf of the **Insured**, **Loss** which the **Insured** is legally obligated to pay due to a **Claim** first made against the **Insured** during the **Policy Period**, arising from a **Wrongful Act** in the rendering or failure to render **Professional Services**, provided that:

1. The **Wrongful Act** must have first occurred on or after the applicable Retroactive Date(s);

2. The **Insured** had no knowledge of the **Claim** or facts which could have reasonably caused such **Insured** to foresee the **Claim**, prior to the effective date of this Policy; and

3. The **Claim** or **Potential Claim** is reported to the **Insurer** pursuant to Section X. Reporting. \*\*\*

46. The Policy includes the following definitions:

**III. DEFINITIONS**

**Claim** means any:

    A.    Oral or written demand received by an **Insured** for monetary or non-monetary relief including injunctive relief;
    B.    Civil proceeding commenced by the service of a complaint or similar pleading;
    C.    Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document;
    D.    Arbitration or mediation proceeding commenced by the receipt of a demand for arbitration or mediation or similar document; or
    E.    Written request first received by an **Insured** to toll or waive a statute of limitations relating to a potential **Claim** described in A. through D. above;

Against an **Insured** for a **Wrongful Act**, including any appeal therefrom.

**Potential Claim** means any **Wrongful Act**, facts or other circumstances which may

COMPLAINT FOR DECLARATORY JUDGMENT - 8
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

subsequently give rise to a **Claim**.

**Related Claims** means all **Claims** based upon, arising from or in any way related to the same facts, circumstances, situations, transactions or events or the same series of facts, circumstances, situations, transactions or events.

**Related Wrongful Acts** means **Wrongful Acts** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision.

**Wrongful Act** means any actual or alleged negligent act, error, omission, misstatement, misleading statement, breach of duty....All **Related Wrongful Acts** shall be considered a single **Wrongful Act** and all **Related Wrongful Acts** will be deemed to have occurred at the time the first of such **Related Wrongful Acts** occurred whether prior to or during the **Policy Period**. \*\*\*

47. The policy provides the following terms and conditions:

X.     **REPORTING**

A. An **Insured** shall provide the **Insurer** with written notice of a **Claim**, **Subpoena**, **Disciplinary Proceeding** or **Crisis Event** as soon as practicable after the **Insured** becomes aware of a **Claim**, **Subpoena**, **Disciplinary Proceeding** or **Crisis Event** but in no event later than:

1. Sixty (60) days after the effective date of expiration or termination; or
2. The expiration date of the Extended Reporting Period, if applicable.

XIII.    **RELATED CLAIMS**

All **Related Claims** will be considered as a single **Claim** made in the **Policy Period** or Extended Reporting Period in which the earliest of such **Related Claims** was first made or first deemed to have been made pursuant to this Policy. All **Related Claims** are subject to the Limits of Liability, Deductible and other terms and conditions applicable to the earliest **Related Claim**.

### VI. CAUSES OF ACTION

### COUNT ONE
### Prior Knowledge

48.    Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

49.    The Policy's Insuring Agreement for Professional Services Liability coverage provides a condition precedent to coverage, which limits coverage to instances where the insured

COMPLAINT FOR DECLARATORY JUDGMENT - 9
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

"had no knowledge of a the Claim or facts which could have reasonably caused such Insured to foresee the Claim, prior to the effective date of this Policy[.]".

50. The Renewal Application excludes coverage for any claim "if any such fact, circumstance or situation exists, whether or not disclosed in response to the [Renewal Application] question above" which "might reasonably be expected to result in a Claim that would fall within the scope of the proposed coverage".

51. Mr. Hurdelbrink had knowledge of facts, circumstances or a situation that could have reasonably caused him to foresee a claim by his former client, Christopher Wilcox, stemming from his failure to file timely responses to the RFAs as early as December 2016.

52. This knowledge and foreseeability continued through at least February 1, 2017 through various motions, rulings and court admonishments against Mr. Hurdelbrink in the underlying divorce action.

53. The late responses to the RFA, which were addressed in various motions, rulings and court admonishments against Mr. Hurdelbrink, occurred prior to the May 3, 2017 effective date of the Policy.

54. The Policy's prior knowledge condition precedent to coverage bars coverage for the Wilcox claim.

**WHEREFORE**, The Hanover Insurance Company prays that this Honorable Court enter judgment in its favor and against defendants and declare that: (1) Hanover has no duty to defend or indemnify Mr. Hurdelbrink and/or Hurdelbrink Law Offices, Inc. under the Policy pursuant to I.A.1.2 in connection with the Wilcox claim; (2) Mr. Hurdelbrink and/or Hurdelbrink Law Offices, Inc. is obliged to reimburse Hanover for any payments made in connection with the Wilcox claim to the extent permitted by law; and (3) grant Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

## COUNT TWO
### Renewal Application Exclusion

55. Hanover hereby incorporates the allegations contained in the preceding

COMPLAINT FOR DECLARATORY JUDGMENT - 10
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1

paragraphs as though fully set forth herein.

56. The April 2017 Renewal Application excludes coverage under the Policy "if any such fact, circumstance or situation [that might reasonably be expected to result in a Claim that would fall within the scope of the proposed coverage] exists, whether or not disclosed in response to the questions above."

57. Hurdelbrink, in the April 2017 Renewal Application, did not disclose any facts, circumstances or situation with regard to the Wilcox claim.

58. The facts underlying the Wilcox claim occurred as early as December 2016 and continued at least through February 2, 2017, which was before the Renewal Application was submitted and the Policy incepted.

59. Failure to disclose the facts, circumstances or situation of the Wilcox claim in the Renewal Application excludes coverage under the Policy.

**WHEREFORE**, The Hanover Insurance Company prays that this Honorable Court enter judgment in its favor and against defendants and declare that: (1) Hanover has no duty to defend or indemnify Mr. Hurdelbrink and/or Hurdelbrink Law Offices, Inc. under the Policy arising from the Wilcox claim based on the Renewal Application Exclusion; (2) Mr. Hurdelbrink and/or Hurdelbrink Law Offices, Inc. is obliged to reimburse Hanover for any payments made in connection with the Wilcox claim to the extent permitted by law; and (3) grant Hanover any other relief this Court deems proper, including attorney's fees and costs to the extent permitted by law.

DATED: May 3, 2018

By: s/Sarah D. Macklin

Sarah D. Macklin
LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 3rd Ave., Suite 2700
Seattle, WA 98101
Telephone: (206) 436-2020
Fax: (206) 436-2030
E-mail: Sarah.Macklin@lewisbrisbois.com
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT - 11
USDCWD NO. _____

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4832-7747-0052.1