UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE HANOVER INSURANCE COMPANY,

    Plaintiff,

    v.

HURDELBRINK LAW OFFICE, INC., *et al.*,

    Defendants.

NO. C18-0651RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "The Hanover Insurance Company's Motion for Summary Judgment." Dkt. # 22. Plaintiff seeks a summary determination that it has no duty to defend or indemnify defendants Hurdelbrink Law Office, Inc., or Mark E. Hurdelbrink against a claim of malpractice made against them by an ex-client, defendant Christopher Wilcox. The Hurdelbrink defendants oppose the motion. Mr. Wilcox has not responded.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to defendants, the Court finds as follows:

In 2016, Mark E. Hurdelbrink represented Christopher Wilcox in divorce proceedings. Toward the end of the year, Lisa Wilcox propounded discovery, including requests for admissions. Although Mr. Hurdelbrink forwarded the requests to his client, he got no response: Mr. Wilcox was apparently on vacation. No responses were served within the time allowed. Ms.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

Wilcox filed a motion seeking a declaration that three valuable assets were community property based in part on the fact that the failure to timely respond to the requests for admission meant they were deemed admitted. Mr. Hurdelbrink filed a motion for leave to file late discovery responses, agreed to extend the case management deadlines, and opposed the motion for summary judgment as to one of the assets at issue. The court nevertheless granted Ms. Wilcox' motion, finding that (a) Mr. Hurdelbrink failed to convene a discovery conference before seeking permission to file late discovery responses, (b) Mr. Hurdelbrink's two-page response to the summary judgment motion and his client's supporting declaration failed to overcome the presumption of community property raised in Ms. Wilcox' motion, and (c) an award of fees was appropriate. The presiding judicial officer did not put all of the blame for the discovery failures on Mr. Hurdelbrink: she took the opportunity of oral argument to lecture Mr. Wilcox regarding the need to take discovery obligations and deadlines seriously. Dkt. # 1-6 at 19-20.

Mr. Hurdelbrink apparently filed a motion for reconsideration, but his representation of Mr. Wilcox was terminated before the court ruled on that motion or on opposing counsel's fee petition. Mr. Hurdelbrink did not review subsequent filings in the case and was therefore unaware that Mr. Wilcox blamed him for the adverse community property ruling until he received a notice of claim in August 2017.

In April 2017, the Hurdelbrink defendants' submitted a renewal application for their professional liability insurance coverage. The policy covered "Loss which the Insured is legally obligated to pay due to a Claim first made against the Insured during the Policy Period . . . provided that: . . . [t]he Insured had no knowledge of the Claim or facts which could have reasonably caused such Insured to foresee the Claim, prior to the effective date of this Policy . . .

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

." Dkt. # 22 at 7. Although defendants' position is not entirely clear, there seems to be a dispute regarding whether a subjective or objective standard applies when determining whether an insured had disqualifying knowledge prior to the policy period.

> We apply Washington law. Construction of an insurance policy is a question of law for the courts, the policy is construed as a whole, and the policy "'should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" Grange Ins. Co. v. Brosseau, 113 Wn.2d 91, 95 (1989) (quoting Sears v. Grange Ins. Ass'n, 111 Wn.2d 636, 638 (1988)). Undefined terms should be given their plain, ordinary, and popular meaning. Boeing Co. v. Aetna Cas. & Sur. Co., 113 Wn.2d 869, 881 (1990). The language in standard form policies is interpreted in accord with the understanding of the average purchaser even if the insured is a large corporation with company counsel. Boeing, at 882-83.

Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha, 126 Wn.2d 50, 65-66 (1994). The policy provision at issue in this case is part of the definition of a covered loss[1] and requires that "[t]he Insured had no knowledge of the Claim or facts which could have reasonably caused such Insured to foresee the Claim" when the policy period began. Dkt. # 22 at 7. Defendants do not identify any particular ambiguity in this provision. When interpreting similar policy language, such as an exclusion for "injury which may reasonably be expected to result," the state Supreme Court found that even though the provision did not indicate whose reasonable expectations were at issue, "the use of 'reasonably' implies a removed observer, looking at the facts from a neutral, 'reasonable' perspective." Allstate Ins. Co. v. Peasley, 131 Wn.2d 420, 430 (1997). See also Carolina Cas. Ins. Co. v. Ott, C09-5540RJB, 2010 WL 1849230, at *10 (W.D. Wash. May 7,

---

[1] Because the limitation helps define the scope of coverage in the first instance, defendants' reliance on case law interpreting exclusionary clauses is misplaced.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

2010) (noting that prior knowledge limitations "use the phrase 'reasonably foresee' in order to mandate an objective, reasonable attorney standard"). Given the fair, reasonable, and sensible construction adopted by previous courts, the insuring provision in the Hanover policy means that a claim is not covered if (a) the insured was subjectively aware of the claim or (b) the insured was subjectively aware of facts which could objectively cause the insured to foresee a claim. At one point in their memorandum, defendants adopt this interpretation, stating "Put another way, the first inquiry should be . . . did Hurdelbrink have knowledge of a relevant act, error or omission when he reviewed his policy? That is a subjective determination. The next question is whether a reasonable professional in Hurdelbrink's position might have expected a claim or suit to result from his actions on behalf of Wilcox . . . ". Dkt. # 25 at 12. At other points, they argue that there is a genuine issue of fact regarding whether "Hurdelbrink was put on notice of any potential claim on the part of Wilcox against him" (Dkt. # 25 at 10). Subjective notice of the claim undoubtedly precludes coverage, but so does subjective knowledge of facts that made a claim reasonably foreseeable.

There is no genuine issue regarding the facts Mr. Hurdelbrink subjectively knew at the time he signed the renewal application. He knew that he had missed discovery deadlines, failed to comply with procedural rules, failed to adequately respond to a dispositive motion, obtained "an extremely unfavorable ruling" for his client as a direct result of these failures (Dkt. # 25 at 3), and was terminated shortly thereafter. The Court finds that, applying an objective standard to the foreseeability issue, any reasonable attorney looking at these known facts would foresee a malpractice claim, even if he or she had hopes that no such claim would actually be made. Foreseeability does not require certainty: the fact that the client had not expressly threatened to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

sue does not mean that a malpractice claim was not foreseeable. Tewell, Thorpe & Findlay, Inc., P.S. v. Continental Cas. Co., 64 Wn. App. 571, (1992) ("Further, the language of the exclusionary clause does not require the prediction of claims with absolute certainty or exactitude. Rather the focus of the clause is on the underlying 'acts and omissions' that are the subject of a dispute which might give rise to a claim."). The facts known to Mr. Hurdelbrink should have reasonably caused him to foresee the claim. Because the Hanover policy unambiguously does not cover a malpractice claim if, prior to the effective date of the policy, the insured knew "facts which could have reasonably cause such Insured to foresee the claim," there is no coverage for Mr. Wilcox' claim as a matter of law.[2]

For all of the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendants.

Dated this 18th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] In light of the Court's ruling on plaintiff's coverage provision argument, it need not determine the effect of Mr. Hurdelbrink's response to an inquiry in the renewal application regarding prior knowledge where the "representation applies only to those coverage types for which no coverage is currently maintained and any higher limits of liability requested." Dkt. # 1-12 at 7.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6